IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| UNIVERSAL SUPPORT SYSTEMS, LLC<br><br>Plaintiff,<br><br>v.<br><br>COMMSCOPE, INC.; COMMSCOPE, INC. OF NORTH CAROLINA; and ANDREW LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   No. 5:11-cv-00084-RLV-DSC<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**STIPULATED PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and upon the stipulation of the parties, the Court hereby orders that the following procedures are to be employed in this action to protect against disclosure or any improper use of confidential information produced in any form (e.g., in response to discovery requests or subpoenas, testimony at deposition or trial, information filed with this Court, etc.):

    1.    **Definition of Confidential Information**. "Confidential Information," which may be designated as provided in Section 5 below, is any type of information which is protectable under Fed. R. Civ. P. 26(c).

    2.    **Use Limitations**. All Confidential Information produced in the course of discovery proceedings herein shall be used only for the purpose of preparing for and conducting this action (including appeals and any adjunct subpoena proceedings incident hereto before any tribunal) and not for any business, patent prosecution, competitive, governmental, research,

development, or other purpose whatsoever.  Nothing herein shall restrict attorneys retained by either party or qualified independent retained experts from making working copies, summaries, excerpts or indices for use in their own offices or for use during the examination of witnesses.  To the extent that such materials include Confidential Information such materials must be treated pursuant to this Order.

        2.1      **<u>Limitations on Disclosure of Confidential Information</u>**.  Confidential Information shall not be given, shown, or made available or communicated in any way to anyone except persons specified in Section 6.1 below to whom it is necessary that such Confidential Information be given or shown for the purposes permitted under this Order.

        2.2      **<u>Advice to Client Based on Confidential Information</u>**.  Notwithstanding the foregoing, nothing in this Order shall bar or otherwise restrict any attorney receiving Confidential Information under this Order from rendering litigation and/or settlement advice to his/her client that may be based at least in part upon the attorney's examination of Confidential Information.

        3.      **<u>Scope of Protection of Confidential Information in Other Proceedings</u>**.  In the event any person or party having possession, custody or control or knowledge of any materials designated under this Order (including Confidential Information produced, provided or filed in this Action prior to entry of this Order) receives a subpoena or other process or order directed to such materials, such person or party shall (to the extent permitted by law) promptly notify counsel for the party who produced the Confidential Information sought by such subpoena or other process or order, shall furnish that counsel with a copy of said subpoena or other process or order, and shall cooperate with respect to any procedure sought to be pursued by the producing party whose interests may be affected.  The party asserting that the materials contain

Confidential Information shall have the obligation of defending against such subpoena, process or order. The person or party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent the party asserting that the materials contain Confidential Information is successful in obtaining from a court of competent jurisdiction an order modifying or quashing the subpoena or other process.

4. **Confidential Information Produced by Third Parties**. This Order shall apply to the parties to this action, and also to any other person producing or disclosing Confidential Information in this action who agrees or is ordered to be bound by this Order. Accordingly, as used herein, the terms "person" and "party" may include both the named parties in this civil action, and third parties who have agreed or been ordered to be bound by this Order. If, in the course of this action, information is sought from a third party which would require such person to disclose and/or produce Confidential Information, such third party may obtain the protections of this Order by agreeing in writing to produce information pursuant to this Order and to be bound by it. No further order of this Court shall be necessary to extend the protections of this Order to third parties.

5. **Designation of Confidential Information**. Any person who produces, gives, or files Confidential Information may designate information as Confidential Information if it meets the definition stated in Section 1.

5.1 **Designation of Documents and Things**. Documents may be designated as Confidential Information by stamping "Confidential" on each page or, in the case of other tangible items, by notifying the other party in writing. Such designation and marking shall be made at the time when a copy of the document is provided to another party. When an inspection of documents is made, the documents made available for inspection shall be sequentially

numbered but need not be marked pursuant to this Order at the time they are made available for inspection. Each such document made available for inspection shall be treated by the inspecting party as Confidential Information until a copy of such document is produced to the inspecting party for use in this Action at which time it need only be treated as Confidential Information if labeled with the "Confidential" designation.

      5.2    **Designation of Deposition Testimony**. In the case of deposition transcript pages, the designating party shall advise opposing counsel of the specific pages to be maintained pursuant to this Order and their designation within thirty (30) calendar days of the date of the mailing of the deposition transcript. Pending notification from opposing counsel during the thirty (30) calendar day period, all deposition transcript pages shall be treated as "Confidential" as that designation is defined in this Order. Deposition testimony may also be designated, in whole or in part, as "Confidential" by oral designation on the record. Unless identified and designated in accordance with this section or by other stipulation or Order, the designation is waived.

      5.3    **Inadvertent or Unintentional Disclosure**. If a party produces documents or offers deposition testimony containing Confidential Information without designating them pursuant to this Order, but later determines that the materials should have been designated under this Order, the disclosure shall be treated as an inadvertent or unintentional disclosure and the procedures in Section 5.4 of this Order for curing this inadvertent or unintentional disclosure shall apply.

      5.4    **Subsequent Designations**. The inadvertent or unintentional disclosure of Confidential Information, regardless of whether the information was designated as Confidential Information at the time of disclosure, shall not be deemed a waiver in whole or in part of the

producing party's claim to protection under Fed. R. Civ. P. 26(c). Upon learning of an inadvertent or unintended disclosure, counsel for the parties shall, to the extent possible, cooperate to restore the confidentiality of the designated information to the extent reasonably possible. Upon receipt of written notification and identification of such inadvertent or unintended disclosure the receiving party shall either designate the materials as "Confidential" or return them to the producing party for such designation.

5.5     **Unauthorized Disclosures**. In addition to any other sanction imposed by this Order, should any information designated as "Confidential" be disclosed, through inadvertence or otherwise, to any person not authorized to receive same under this Order, then the disclosing party shall use its best efforts to bind such unauthorized person to the terms of this Order. Specifically, the disclosing party shall (a) promptly inform such unauthorized person of all the provisions of this Order, (b) identify such unauthorized person immediately to the producing party and (c) request such unauthorized person to sign the *Agreement to be Bound by Protective Order* set forth at the end of the present Order. The executed agreement shall promptly be served by overnight mail upon the producing party.

6.      **Persons to Whom Confidential Information May be Disclosed**.

6.1     **"Confidential Information"**. Except as otherwise provided by this Protective Order, information designated as "Confidential" shall be disclosed only to:

6.1.1   Outside counsel retained in this Action, attorneys practicing in the same law firms as such attorneys, staff and supporting personnel of such attorneys, and outside document-handling providers such as copy centers, imaging or coding services, interpreters or translators retained by counsel as reasonably necessary to assist such counsel in the conduct of this Action.

6.1.2    Outside experts (who are not regularly employed by a party hereto), graphics, design, jury, trial or other litigation consultants, and mock jurors retained by counsel in this Action or by a party; provided, however, that before such access is given, such individuals have agreed in writing to be bound by the terms of this Order by executing the *Agreement to be Bound by Protective Order* set forth at the end of the present Order.  Additionally, at least ten (10) days in advance of any proposed disclosure of Confidential Information to an outside expert, counsel shall serve the outside expert's signed *Agreement to be Bound by Protective Order* and curriculum vitae to every party (including third parties) whose Confidential Information may be disclosed to the outside expert in order to allow such party to serve a written objection to the proposed disclosure to the outside expert within ten (10) days.  Failure to timely object shall operate as a waiver of the objection.  If a party objects to the proposed disclosure, the objecting party's Confidential Information shall not be disclosed to such outside expert except by order of the Court or by written consent of the objecting party.  In the even a motion is made to override the objection, the objecting party shall have the burden of proving that the disclosure should be allowed.

6.1.3    In-house litigation counsel for the parties whose advice and consultations are being or will be used by a party hereto in connection with preparation for trial or trial in this action; provided, however, that before such access is given, each such individual has agreed in writing to be bound by the terms of this Order by executing the *Agreement to be Bound by Protective Order* set forth at the end of the present Order.

6.1.4    The Court, Court personnel and jurors;

6.1.5   Any other person as to whom the producing party agrees in writing as long as each such person has agreed in writing to be bound by the terms of this Order by executing the *Agreement to be Bound by Protective Order* set forth at the end of the present Order;

6.1.6   Witnesses at deposition or trial qualified under Sections 6.2.1 and 6.2.2; and

6.1.7   Court reporters and videographers employed in connection with this action.

6.2   **Limited Exceptions**:

6.2.1   **Witnesses Previously Having Access to Confidential Information**. Notwithstanding any of the provisions of this Order, any witness testifying in this Action may be shown, and questioned, concerning any document for which the witness is an author or a recipient thereof or has prior knowledge of the document.  In addition, (a) a present employee or representative of a producing party may be examined and may testify concerning all materials designated as containing Confidential Information by that party; and (b) a former employee, associate, representative or consultant of a producing party may be examined and may testify concerning all materials designated as containing Confidential Information by that party to which said former employee, associate, representative or consultant had access during the relevant prior period or periods of employment or association with that party.

6.2.2   **Authors/Addressees**.  This Order shall not apply to the disclosure of documents, or the contents thereof, to persons who were the authors or addressees of those documents or who are shown as having received copies.

6.2.3   **Certain Information Not Subject to Scope of Order**.  The restrictions of this Order shall not apply to information which (a) was, is, or becomes public knowledge, not in violation of this Order, or (b) was or is acquired from a third party possessing such information and having no obligation of confidentiality to the designating party, or (c) the receiving party can

establish was in its rightful and lawful possession at the time of disclosure or was developed independently by the receiving party without the use of Confidential Information.

      6.2.4   **Exceptions by Court Order or by Agreement by Parties**.  Nothing shall prevent disclosure beyond the terms of this Order if the party that designated the materials as containing Confidential Information consents in writing to such disclosure.

      6.3   **Exclusion from Deposition**.  Counsel for the producing party shall have the right to exclude from oral deposition any person, other than the deponent, deponent's counsel and the reporter or videographer, who is not authorized by this Order to receive materials or information designated as "Confidential", but such right of exclusion shall be applicable only during periods of examination directed to or comprising such designated information.  The failure of such other persons to comply with a request of exclusion shall constitute substantial justification for counsel to instruct the witness not to answer the question.

      7.   **Court Filings Involving Confidential Information**.  Applications, motions, and other papers filed with the Court in which a party submits Confidential Information, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title and file number of this action, an indication of the nature of the contents of the sealed envelope or other container, the word "CONFIDENTIAL" and a statement substantially in the following form:

> **This envelope is sealed pursuant to order of the Court,
> contains Confidential Information, and is not to be opened or
> the contents revealed except by authorized Court personnel.**

Any document or transcript designated as "Confidential" which is lodged or filed with the Court shall be maintained under seal by the Clerk and shall be made available only to the Court and to counsel for the parties, until further order of this Court.

8. **Resolution of Disputes**. A party shall not be obligated to challenge the propriety of a designation under this Order at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event of disagreement over the propriety of a designation, the parties shall first attempt to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the propriety of a designation made under this Order may seek appropriate relief from this Court, and the party asserting confidentiality shall have the burden of proving same. Until the Court enters an Order changing the designation of the document or transcript which is to be the subject of the application, it shall be treated as Confidential Information under this Order.

9. **Special Provision for Briefs and Expert Reports**. Any party that files a brief or serves an expert report in this Action that contains that party's or a third party's Confidential Information will, upon request by the other party ("the receiving party") that specific persons associated with the receiving party be given access to the brief or report, either (a) consent to access thereto by such persons as requested or (b) serve within three (3) business days of the request a redacted copy of the brief or expert report that does not include such Confidential Information.

10. **Inadvertent Disclosure of Privileged Information**. All information and/or documents that are inadvertently produced in connection with discovery proceedings in this action, which but for such inadvertent production would otherwise have been entitled to be protected from discovery by any privilege, exemption or immunity, shall continue to be protected by such privilege, exemption or immunity, subject to specific objections to the contrary that may be filed by any party, and such inadvertent production shall not be deemed to be a waiver of any such privilege, exemption or immunity. Promptly after discovering any

inadvertently produced information and/oir documents, the disclosing party shall provide to the other parties written notification identifying the document that has been inadvertently produced and stating the privilege, exemption or immunity under which the document is allegedly protected.  Upon receipt of written such notification from the disclosing party, the other party shall, within three (3) business days, return each inadvertently produced document to the disclosing party and any and all copies of such document that were made.  Any analysis, memoranda, notes or the like that were internally generated based upon such inadvertently produced information shall promptly be destroyed.  The return of any inadvertently produced documents under this Order shall not prevent any party from asserting specific objections to any claims of privilege, exemption or immunity.  If a party receives documents or other information which on its face appears to likely be subject to a claim of privilege, exemption or immunity, the receiving party is obligated to promptly notify the producing party of the possible inadvertent disclosure of privileged, exempt or immune information.

11. **<u>Disposition of Confidential Information Following Conclusion of Action</u>**.  At the conclusion of this Action (*i.e.*, upon its final dismissal and the conclusion of any appeals thereof), all documents or transcripts designated "Confidential," and any copies thereof, shall either be destroyed or returned to the party or person producing same.  In addition, all summaries or other materials containing or disclosing information contained in "Confidential" documents or transcripts, and all copies thereof, shall be either destroyed or returned to the party furnishing the same.  Notwithstanding any of the foregoing, a party may maintain a complete set of pleadings, deposition transcripts and exhibits, and trial transcripts and exhibits following conclusion of this Action.

12. **Agreement on the Production of Certain Information**. Each party agrees to produce to the other party as non-confidential information both (1) engineering diagrams and (2) the total sales (in both dollars and units) for each support foot that is accused of infringement or alleged to be covered by claims of the patent-in-suit. The parties agree that this information will only be used for purposes of this litigation. In the event that a party determines, for some reason, that production of these engineering diagrams and/or sales totals as non-confidential information will potentially be harmful to the party, the burden is on the party that decides that this information cannot be produced to prove to the Court that the information should only be produced as Confidential Information under this Protective Order.

13. **Continuing Obligation/Retention of Jurisdiction**. Insofar as the provisions of this Order restrict the communication and use of the information produced thereunder, this Order shall continue to be binding after the conclusion of this Action except (a) that there shall be no restriction on documents that have been used as exhibits in open Court (unless an appropriate order is entered to maintain the confidentiality of said exhibits) and (b) that a party may seek the written permission of the party or further order of this Court, with respect to dissolution or modification of this Order.

**SO ORDERED**.

Signed: May 3, 2012

_____
David S. Cayer
United States Magistrate Judge

Approved as to Form on May 3, 2012:

| | |
|---|---|
| /s/ D. Randal Ayers | /s/ Irving M. Brenner |
| D. Randal Ayers (N.C. Bar # 20,830) | Irving M. Brenner (N.C. Bar # 15,483) |
| Myers Bigel Sibley & Sajovec, P.A. | MCGUIREWOODS LLP |
| Post Office Box 37428 | 201 North Tryon Street |
| Raleigh, North Carolina 27627 | Charlotte, North Carolina 28202 |
| Telephone: (919) 854-1400 | Telephone: (704) 343-2000 |
| Facsimile: (919) 854-1401 | Facsimile: (704) 373-8935 |
| E-Mail: rayers@myersbigel.com | E-mail: ibrenner@mcguirewoods.com |
| | ATTORNEY FOR PLAINTIFF |
| ATTORNEY FOR DEFENDANTS | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION

UNIVERSAL SUPPORT SYSTEMS, LLC

    Plaintiff,

    v.

COMMSCOPE, INC.; COMMSCOPE, INC. OF NORTH CAROLINA; and ANDREW LLC,

    Defendants.

)
)
)
)
)
)  Civil Action No. 5:11-cv-00084-RPV
)
)
)
)
)
)

## AGREEEMNT TO BE BOUND BY PROTECTIVE ORDER

I, _____ states as follows:

1.     My present employer is _____, and the address of my present employer is _____. My present occupation is _____.

2.     I have read and understand the foregoing Protective Order. I agree to comply with and be bound by the provisions of the Protective Order, and I further agree to subject myself to the personal jurisdiction of this Court with respect to enforcement of the provisions of the foregoing Protective Order.

3. I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use, except solely for purposes of this litigation, any Confidential Information as defined by the Protective Order, except as provided therein.

4. I understand that disclosure of confidential information in violation of the protective order may constitute contempt of court and subject to sanctions or other remedies.

_____

[Signature of individual to whom disclosure will be made]